IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD WOODS, | : | CIVIL NO. 3:12-CV-1800 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JOHN KERESTES, | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Ronald Woods ("Woods" or "petitioner"), a Pennsylvania state inmate who is presently incarcerated at the State Correctional Institution at Frackville, Pennsylvania, initiated this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2009 judgment of sentence imposed in the Dauphin County Court of Common Pleas. (Doc. 1.) The petition is ripe for disposition.[1] For the reasons that follow, the petition will be denied.

I. **Background**

On or about December 15, 2008, Woods entered pleas of guilty to aggravated assault and persons not to possess firearms in violation of 18 PA.C.S.A. §§ 2702, 6105, in Dauphin County Court of Common Pleas Criminal Case Nos. CP-22-CR-0002206-2008 and CP-22-

---

[1]On November 19, 2012, Woods filed a document entitled "Amendment to Habeas Corpus," which was construed as a brief in support of the petition. (Doc. 7.) The petition and supporting brief were ordered served on respondent. (Doc. 9). Respondent filed a answer, brief and supporting exhibits. (Doc. 10). Woods then filed a traverse. (Doc. 11.)

CR-0005645-2008. (Doc. 1, at 1; Doc. 1, at 18.) "At the time of his plea, Woods was also facing drug-related charges, to which he was expected to enter a plea at a later date. On February 27, 2009, he was sentenced, in accordance with both plea agreements, to a term of eight to 16 years of imprisonment on the aggravated assault and weapons convictions, and three to six years for possession with intent to deliver [in violation of 35 P.S. § 780-113(a)(30)]. Woods did not pursue a direct appeal." (Doc. 1, at 18-19.)

On January 4, 2010, he filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA.C.S.A. §§ 9541-9546. He included the following grounds for relief in the PCRA petition: "A. Guilty plea counsel was ineffective for the failure to object to the prosecution's threat of further prosecution from other authorities which resulted in the petitioner taking an unknowinlgy, involuntary, and unintelligent guilty plea. B. Guilty plea counsel was ineffective for failing to object to the trial court use of evidence in the record as a deterrent to cause the petitioner to waive his right to trial." (Doc. 10-3, at 25-26.)

The PCRA court appointed counsel and afforded counsel thirty days to file an amended PCRA petition. (Doc. 1, at 19.) Following a number of extensions, on November 8, 2010, counsel filed a motion seeking to withdraw from the case pursuant to Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). (Id.) Woods responded to counsel's motion seeking to withdraw and addressed counsel's analysis of his PCRA issues. (Id. at 23.) "The PCRA court agreed with Counsel's assessment that the claims Woods sought to raise were without

merit. In conformity with PA.R.CRIM.P. 907 ("Rule 907"), it gave Woods notice of its intent to dismiss his PCRA petition and grant Counsel's motion to withdraw, and gave Woods 20 days in which to file a response to the proposed dismissal. Having received no response from Woods, the PCRA court entered an order dismissing Woods' PCRA petition and granting Counsel's motion on August 15, 2011." (Id. at 19.)

He timely appealed to the Pennsylvania Superior Court raising two issues for review: "1. Whether the [PCRA] court erred by dismissing [Woods'] PCRA [sic] for his failure to respond to the PA.R.CRIM.P. 907 intent to dismiss order when [Woods] never received the notice? 2. Whether the [PCRA] court erred in not ordering [Woods] be provided a copy of his transcripts?" (Doc. 1, at 20.) The superior court addressed each issue in detail and, on August 10, 2012, affirmed the PCRA court's order of dismissal. (Id. at 20-24.) Woods did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. (Doc. 10-2, at 3.)

He filed his petition for writ of habeas corpus in federal court on September 11, 2012, raising the following issues:

> Ground One: Whether guilty plea counsel was ineffective for failing to object to the prosecution's threat of further prosecution from other authorities which resulted in the petitioner taking an unknowingly, involuntary and untelligent guilty plea?
>
> Ground Two: Whether guilty plea counsel was ineffective for failing to object to the trial court use of evidence in the record as a deterrent to cause the petitioner to waive his right to trial?
>
> Ground Three: Whether the petitioner [sic] guilty pleas was knowingly, voluntary

3

and intelligently entered when the court accepted a plea it could not honor by law? (Doc. 1, at 6.)

## II. Discussion

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Specifically, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The petitioner has the burden of establishing that the exhaustion requirement has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

In the matter *sub judice*, respondent argues that Woods failed to exhaust his claims because he did not argue the merits of his claims on appeal from the denial of PCRA relief. (Doc. 10-2, at 6.) Rather, he "only argued that the PCRA court improperly dismissed his PCRA petition based on technical violations of the PCRA . . . " (Id.) Woods contends that "[a]n opinion need not address each issue set forth in a PCRA petition. Upon review of the record the superior court affirmed the trial court's denial of the Petitioner's PCRA. Therefore[,] the highest appeal court addressed the merits of the Petitioner's claims now before this court." (Doc. 11, at 4.) Woods is mistaken. He never presented the issues he raised in his PCRA petition to the superior court. As such, he failed to fairly present the issues raised in his federal habeas petition to the state courts either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits.

Woods is now unable to raise these claims in state court as the statute of limitations for filing another PCRA petition has lapsed. See 42 Pa.C.S.A. § 9545(b). If state procedural rules preclude a petitioner from seeking further relief in state courts, the failure to exhaust state remedies will be excused. Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297–98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. Lines, 208 F.3d at 160; Coleman v. Thompson, 501 U.S. 722, 750–51 (1991). However, a federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the

procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750–51.

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Once "cause" has been successfully demonstrated, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494. Woods does not argue that he was prevented from complying with the state's procedural rules in presenting his claims to the superior court. As such, he fails to demonstrate adequate cause and unfair prejudice stemming from the procedurally defaulted claims. Alternatively, a federal court may excuse a procedural default when the petitioner establishes that failure to review the claim will result in a fundamental miscarriage of justice. See Werts, 228 F.3d at 192–93. A credible allegation of "actual innocence" constitutes a "miscarriage of justice" that enables a federal court to hear the merits of otherwise procedurally defaulted habeas claims. Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004). The fundamental miscarriage of justice exception is confined to cases of actual innocence as compared to legal innocence, where the petitioner can show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable

doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995). At no point does Woods contend that he is actually innocent. Based on the above, this Court will not review the merits of the petition as the claims are procedurally defaulted and petitioner fails to demonstrate either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims.

### III.   Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

## IV. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be denied. An appropriate order follows.

                            **BY THE COURT:**

                            s/James M. Munley
                            **JUDGE JAMES M. MUNLEY**
                            **United States District Court**

Dated:  January 28, 2014